UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JONATHAN JOSUE DE LEON HERNANDEZ | CASE NO. 25-cv-1384 SEC P |
| -vs- | JUDGE DRELL |
| PAMELA BONDI, ET AL | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM RULING AND ORDER

Before the court is "Petitioner's Application for an Order to Show Cause" which was filed by Jonathan Josue De Leon Hernandez ("Petitioner") challenging his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Petitioner was detained on August 28, 2025 in Washington D.C. while on his way to work. He was initially held at the ICE Washington Field Office in Virgina and then transferred to the Caroline Detention Center in Bowling Green, Virginia. On September 8, 2025, he was transferred to the Concordia Parish Correctional Facility a/k/a River Correctional Facility in Ferriday, Louisiana where he remains.

I.  Background

Petitioner, a Guatemalan citizen, entered the United States as a 17-year-old minor on April 21, 2019. He was detained by the Department of Homeland Security ("DHS"), processed as an Unaccompanied Alien Child, and released to the custody of the Department of Health and Human Services Office of Refugee Resettlement who in turn released Petitioner to his grandmother who lived in Maryland. He has lived in Maryland since that time.

As an Unaccompanied Alien Child, Petitioner was placed in removal proceedings and was provided a notice to appear, but because of COVID, his case was postponed until 2022. In the interim, the Circuit Court for Prince George's County Maryland conducted guardianship proceedings and found Petitioner to be a Special Immigrant Juvenile. Based on that finding, Petitioner filed a Form I-360 Petition for Special Immigration Status, and that form was approved. Accordingly, Petitioner (with the permission of DHS) filed a motion to dismiss removal proceedings, and that motion was granted by Department of Justice Executive Office for Immigration Review ("EOIR") on May 15, 2023. Additionally, DHS granted deferred action on April 4, 2023 until January 12, 2027.

On August 28, 2025, Petitioner was on his way to work when he was detained by ICE. Petitioner requested a bond redetermination with the EOIR. On or about September 11, 2025, an immigration judge determined Petitioner was not a danger to the community nor a flight risk and granted Petitioner a bond set it at $1,500. DHS appealed the decision claiming the immigration judge lacked jurisdiction to issue the bond citing <u>Matter of Yakure Hurtado</u>, 29 I&N Dec. 216 (BIA 2015)[1] and 8 U.S.C. § 1225(b). DHS filed Form-EOIR-43 Notice of Intent to Appeal, invoking an automatic stay of the bond order pursuant to 8 U.S.C. § 1003.19(i)(2) and preventing Petitioner from posting bond. Accordingly, Petitioner was denied release.

Consequently, Petitioner filed his "Petition for Writ of Habeas Corpus" (Doc. 1) and "Petitioner's Application for an Order to Show Cause" (Doc. 7) seeking his immediate release.

---

[1] In <u>Matter of Yakure Hurtado</u>, the U.S. Department of Justice, Executive Office of Immigration Review, Board of Immigration Appeals held that an alien who was in the United States for two years was properly held under 8 U.S.C. § 1225(b)(2)(A) and not entitled to a bond hearing. As explained *infra*, this decision is not binding on the court and defies the findings of the United States Supreme Court and due process considerations provided to aliens who have been living in the United States.

II.     Law and Analysis

A. Jurisdiction

Congress granted federal "district courts…within their respective jurisdictions" authority to review applications for habeas corpus by anyone who claims, "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§2241(a), (c)(3). See also Jennings v. Rodriguez, 583 U.S. 281 (2018); Demore v. Kim, 538 U.S. 510 (2003); Zadvydas v. Davis, 533 U.S. 678 (2001). Petitioner seeks release because he is being unlawfully detained.

Respondents argue that this court lacks jurisdiction in light of 8 U.S.C. § 1252, but the matter before the court is neither a review of removal proceedings nor a dispute as to the Attorney General's decision as to the initiation of removal proceedings, the adjudication of Petitioner's case in removal proceedings, or the execution of a removal order (which does not exist at this time). What is before the court is the issue of whether Respondents have lawfully detained Petitioner, or have they deprived him of his rights conferred by the Fifth Amendment of the United States Constitution. So, while we may not grant habeas relief as to the question of Petitioner's removal, we may review whether he is lawfully detained. See Dept. of Homeland Sec. v. Thuraissigiam, 591 U.S. 103, 117 (2020).

B. 8 U.S.C. §§ 1225 and 1226

Respondents argue that Petitioner is being held on a mandatory basis pursuant to the plain language of 8 U.S.C. § 1225(b)(2)(A) because he is an alien who has not been admitted to the United States. However, in Jennings v. Rodriguez, 583 U.S. 281 (2018), the Supreme Court made a distinction between 8 U.S.C. § 1225(b) and §1226 which Respondents ignore. The Court stated

that § 1225(b) "applies primarily to aliens seeking entry into the United States" whereas § 1226 "applies to aliens already present in the United States." Id. at 297 and 303).[2]

Petitioner is clearly an alien who has been present in the United States since 2019. In fact, he was known to DHS, and allowed to stay in the United States despite his alien status. Because he is an "alien already present in the United States," his detention is proper under § 1226, not § 1225, and he is entitled to bond.

C. Due Process

Despite his entitlement to the bond that the immigration judge granted on September 11, 2025, Petitioner has been detained here in Louisiana in violation of his Fifth Amendment right to due process.

The Fifth Amendment's guarantee of substantive due process applies to all "persons" within the United States, including aliens. Zadvydas v. Davis, 533 U.S. 678, 690 (2001). When DHS appealed Petitioner's bond, an automatic stay was imposed. This stay has been found by other courts to be nothing more than an arbitrary detention in violation of Petitioner's substantive due process rights. See Ashley v. Ridge, 288 F. Supp. 2d 662, 669 (D.N.J. 2003) (holding that "in effect, the automatic stay provision renders the Immigration Judge's bail determination an empty gesture"); Mohammad H. v. Trump, 786 F.Supp.3d 1149, 1158–159 (D. Minn. 2025) (finding government violated due process rights of petitioner by invoking automatic stay per 8 C.F.R. § 1003.19(i)(2) after an immigration judge granted bond, because continued detention is "rooted in improper purposes and lacks an individualized legal justification"); Jacinto v. Trump, Civil Case No. 25-cv-3161, —— F.Supp.3d ——, 2025 WL 2402271 (D. Neb. Aug. 19, 2025) (finding

---

[2] This distinction is further evidenced by the titles of the statutes: § 1225 is entitled "Inspection by immigration officers; expedited removal of inadmissible arriving aliens; referral for hearing," and § 1226 is entitled "Apprehension and detention of aliens."

government violated substantive and procedural due process rights of petitioner, and engaged in *ultra vires* conduct, by invoking automatic stay per 8 C.F.R. § 1003.19(i)(2) after an immigration judge granted bond). Some courts have even gone so far as to determine that the stay provided under § 1003.19(i)(2) is unconstitutional. At this time, we do not go so far as to find the stay unconstitutional; however, we adopt the cited cases in concluding that the stay issued in Petitioner's case has resulted in the violation of his substantive due process rights.

Further, a review of the facts of this matter under Mathews v. Eldridge, 424 U.S. 319 (1976) leads us to conclude that Petitioner's procedural due process rights have also been violated as a result of the stay imposed pursuant to § 1003.19(i)(2). The Mathews factors we weigh are: (1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value, if any of additional or substitute procedural safeguards; and (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail. Id. at 335.

The first factor weighs in favor of Petitioner as freedom from bodily restraint is the "most elemental of liberty interests." Hamdi v. Rumsfeld, 542 U.S. 507, 259 (2004); Foucha v. Louisiana, 504 U.S. 71, 80 (1992). The second factor also weighs in Petitioner's favor as the automatic stay deprives him of the bond he had already shown an immigration judge he was entitled to receive, and, as pointed out by Petitioner, the risk of error is only compounded by the fact Respondents have invoked a legal argument that has been rejected time and time again.[3]

---

[3] See Doe v. Moniz, No. 25-cv-12094-IT, 2025 WL 2576819, at *4-5 (D. Mass. Sept. 5, 2025); Encarnacion v. Moniz, No. 25-cv-12237-LTS, at 5-6 (D. Mass. Sept. 5, 2025); Sicha v. Bernal, No. 25-cv-00418-SDN, 2025 WL 2494530, at *7 (D. Me. Aug. 29, 2025); Lopez-Campos v. Raycraft, 2025 WL 2496379, at *5-8 (E.D. Mich. Aug. 29, 2025); Ramirez Clavijo v. Kaiser, No. 25-cv-06248-BLF, 2025 WL 2419263, at *3-4 (N.D. Cal. Aug. 21, 2025); Romero v. Hyde, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025); Maldonado v. Olson, 2025 WL 2374411, at *11-13 (D. Minn. Aug. 15, 2025); Lopez Benitez v. Francis, 2025 WL 2371588, at *3-9 (S.D.N.Y. Aug. 13, 2025);

Finally, there is nothing before the court which shows a governmental interest in continuing to hold Petitioner. He was deemed by the immigration judge, and from the beginning of the case, not to be a flight risk or a danger to the community and there is nothing to show otherwise. To continue to detain him would only be penal in nature.

III.   Conclusion

Accordingly, in light of the foregoing,

**IT IS ORDERED** that the Petition (Doc. 1) is **GRANTED**. It is further

**ORDERED** that Petitioner shall be released from custody by 5 p.m. on November 20, 2025, subject to and in accordance with the terms and conditions, including bond conditions, imposed by the immigration judge on September 11, 2025; and it is further

**ORDERED** that Petitioner shall be released with all of his property and any and all identification documents so as to enable and ensure his return to Maryland.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 18th day of November 2025.

DEE D. DRELL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

Rosado v. Figueroa, No. 25-cv-02157, 2025 WL 2337099, at *6-11 (D. Ariz. Aug. 11, 2025), report and recommendation adopted, 2025 WL 2349133 (D. Ariz. Aug. 13, 2025); Martinez v. Hyde, 2025 WL 2084238, at *2-8 (D. Mass. July 24, 2025).

6